UNITED STATES DISTRICT COURT       <u>FOR ONLINE PUBLICATION ONLY</u>
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS KELLY,                        :
             Petitioner,          :
                              :           MEMORANDUM
                              :           <u>AND OPINION</u>
    -against-                     :
                              :           07-CV-1703 (JG)
ROBERT ERCOLE, Superintendent,    :
Green Haven Correctional Facility,     :
                              :
             Respondent.       :
------------------------------------------------------------X

JOHN GLEESON, United States District Judge:

         Carlos Kelly brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

For the reasons set forth below, the petition is denied.

BACKGROUND

         In April 1997, after a jury trial he did not attend, Kelly was convicted in absentia in the

New York State Supreme Court, Kings County of criminal possession of a controlled substance in the

third degree and criminal possession of a weapon in the fourth degree.  On December 16, 1997, Kelly was

sentenced, still in absentia, to concurrent prison terms of nine to eighteen years and five to ten years,

respectively.  He did not file a notice of appeal.  On September 26, 2005, Kelly was arrested on a bench

warrant issued by the state court three days before his trial.  He began serving his sentence on October 31,

2005.  On November 9, 2005, Kelly filed a notice of appeal from "the judgment of conviction rendered

against him on the 31st day of October, 2005."  Barrall Aff. Ex. 5.  The Appellate Division, Second

Department ordered Kelly to show cause

> why an order should not be entered dismissing the appeal from the
> purported judgment on the ground that no appeal lies from the purported
> judgment, as the purported judgment is nothing more than a proceeding
> to cause a judgment of the same court rendered on December 16, 1997,
> to be brought to execution.

Barrall Aff. Ex. 6.  Kelly did not respond, and the Appellate Division dismissed the appeal and denied

Kelly's motion to proceed in forma pauperis and appoint counsel as "academic."  *Id.* Ex. 7.

In his habeas petition, Kelly argues (1) that he was entitled to appointment of counsel to present his arguments to the Appellate Division on why he should have been permitted to pursue his direct appeal; and (2) that the Appellate Division's decision was unconstitutional. The government contends that Kelly's petition should be dismissed as untimely.

In a letter dated May 23, 2007 submitted to the Court in lieu of a reply, Kelly requested an extension of time to file an affidavit from former trial counsel, Joseph Giannini. In the letter, Kelly suggested that there was a language barrier between him and Giannini, and that Giannini had failed to file a notice of appeal of his judgment of conviction. At a conference on June 28, 2007 where Kelly appeared by telephone, I gave Kelly until July 20, 2007 to work with Giannini to file supplemental material to the habeas petition. Over the ensuing weeks, Kelly attempted to procure an affidavit from Giannini, but Giannini ignored Kelly's requests. On August 22, 2007, I issued a subpoena ordering Giannini to appear at a status conference scheduled for August 31, 2007 so that Kelly would have an opportunity to speak to his former counsel regarding the notice of appeal.

Giannini stated at the August 31, 2007 conference that no notice of appeal was filed, and that neither the court nor Kelly had directed him to file a notice of appeal.[1] *See* Aug. 31, 2007 Tr. at 4.

## DISCUSSION

The government argues that the petition must be dismissed because it was untimely filed. I agree. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-123, 110 Stat. 1214 ("AEDPA"), established a one-year period of limitation for petitions seeking habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(a). The

---

[1] I am mindful of the requirement that petitioner would be entitled to counsel if the August 31, 2007 proceeding were an evidentiary hearing. *Graham v. Portuondo*, 506 F.3d 105 (2d Cir. 2007). However, the proceeding was a status conference, not an evidentiary hearing, the purpose of which was to facilitate communication between Kelly and his former counsel.

one-year limitation period is tolled during the time in which a petitioner has a properly filed application for post-conviction relief pending in state court. 28 U.S.C. § 2244(d)(2).

In this case, judgment was entered in the state court on December 16, 1997. N.Y. Crim. Proc. Law § 1.20(15). Kelly had thirty days from the imposition of sentence in which to file a notice of appeal. N.Y. Crim. Proc. L. § 460.10(1)(a). Kelly did not file the notice. Accordingly, his judgment of conviction became final on January 15, 1998, when his time for seeking direct review of his judgment of conviction had expired. Pursuant to 28 U.S.C. § 2244(d)(1)(a), Kelly had until January 15, 1999 to file his habeas petition. He remained a fugitive until late 2005, and no activity occurred in his case until he was arrested and his sentence was executed on October 31, 2005. He filed the instant habeas petition on April 19, 2007, more than eight years after the filing deadline. Kelly's petition is therefore untimely.

In any event, the petition is wholly without merit. Kelly argues that (1) he was entitled to appointment of counsel to present his arguments to the Appellate Division on why he should have been permitted to pursue his direct appeal; and that (2) the Appellate Division's decision, denying him counsel and dismissing his appeal under the "fugitive disentitlement doctrine," was unconstitutional. The government correctly argues that the dismissal of Kelly's appeal had nothing to do with the "fugitive disentitlement doctrine"; indeed, his appeal was dismissed because he had failed to file a notice of appeal within the prescribed time period. The Appellate Division was therefore without jurisdiction to entertain his appeal. *See, e.g. People v. Pendergrass*, 627 N.Y.S.2d 590 (4th Dep't) (no appellate jurisdiction when defendant fails to file notice of appeal). His dismissal was automatic and mandatory; accordingly, Kelly was not entitled to counsel. *Taveras v. Smith*, 463 F.3d 141, 150 (2d Cir. 2006).

Kelly suggested in his letter dated May 23, 2007 that he had asked his former counsel, Giannini, to file a notice of appeal, but that Giannini had failed to do so. I subpoenaed Giannini to appear in court on August 31, 2007 so that Kelly could have an opportunity to obtain from his former counsel an affidavit regarding this issue. However, Giannini stated on the record that he had not filed a notice of

3

appeal and that neither Kelly nor the sentencing court had directed him to do so.  In light of this information, Kelly's claims are without merit.

CONCLUSION

Kelly's habeas petition is dismissed as time-barred.   I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.


John Gleeson, U.S.D.J.

Dated:  August 6, 2008
        Brooklyn, New York